CLD-164                                                NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1733
_____

CHAKA KWANZAA,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:24-cv-08132)
District Judge: Honorable Karen M. Williams
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 16, 2026

Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: July 21, 2026)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Chaka Kwanzaa, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint without prejudice. We will affirm.

On July 23, 2024, Kwanzaa filed a complaint in the United States District Court for the District of New Jersey against the Commissioner of Social Security ("Commissioner"). He alleged that the Commissioner wrongfully denied his supplemental security income ("SSI") benefits after determining that he had been overpaid numerous times.[1] The Commissioner filed a motion to dismiss, arguing that Kwanzaa had failed to exhaust his administrative remedies before filing suit. The District Court granted the motion, concluding that Kwanzaa had failed to exhaust his administrative remedies by obtaining a judicially reviewable "final decision" before filing his complaint. *See* 42 U.S.C. § 405(g) (providing for judicial review only after the claimant obtains a "final decision of the Commissioner of Social Security made after a hearing"); *Smith v. Berryhill*, 587 U.S. 471, 475-76 (2019) (explaining that a "final decision" is rendered after a benefits claimant has completed a four-step administrative

---

[1] Kwanzaa began receiving SSI benefits in March 2012. In May 2022, the Social Security Administration ("SSA") notified him that it had determined that he was overpaid $17,481.75 over the course of three months in 2019, seven months in 2020, and nine months in 2021. After Kwanzaa was notified of the initial determination, he sought reconsideration. On August 4, 2022, the SSA denied reconsideration and advised Kwanzaa of his right to appeal by requesting a hearing within 60 days. He did not do so.

On October 18, 2023, the SSA informed Kwanzaa that he had been overpaid by $546.07 in May 2023. Kwanzaa again requested reconsideration of the overpayment determination. On August 28, 2024, the SSA denied reconsideration, but explained that, although Kwanzaa's request was an appeal of the 2023 overpayment determination, it considered the request to be a challenge to both overpayment determinations. The SSA also advised Kwanzaa of his right to request a hearing, which he did on September 2, 2024. As of February 2025, he had not received a decision regarding his hearing request.

process: an initial determination, reconsideration, a hearing conducted by an ALJ, and review of the ALJ's decision by the Appeals Council).[2] The court subsequently dismissed Kwanzaa's complaint without prejudice and denied his pending motions. Kwanzaa timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Kwanzaa's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Kwanzaa's complaint for failure to exhaust his administrative remedies, since he had only completed two of the four steps required for judicial review. Indeed, he filed his complaint before even he had received the Commissioner's reconsideration determination. *See* ECF 15-2 at 53 (notice of the Commissioner's reconsideration decision, dated August 28, 2024).[3] There is no evidence in the administrative record—or presented by Kwanzaa—that either the ALJ or the

---

[2] The requirement that there must be a final decision "consists of two elements, only one of which is purely jurisdictional in the sense that it cannot be waived by the Secretary in a particular case." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (citation modified). Although the specific "administrative remedies prescribed by the Secretary" may be waived, "[t]he nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." *Id.* But the SSA has not waived exhaustion here.

[3] When addressing the issue of exhaustion in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), district court may consider "indisputably authentic documents" that the plaintiff's claims rely upon. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). Because Kwanzaa does not dispute the authenticity of the documents from the administrative record, it was appropriate for the District Court to consider them.

Appeals Council issued a decision regarding his claim. And, in his numerous filings on appeal, Kwanzaa neither disputes that he failed to exhaust his administrative remedies nor identifies any specific errors in the District Court's dismissal.[4] Because Kwanzaa's SSI claim has only been considered at the initial and reconsideration stages and remains subject to further administrative review,[5] it is not a "final decision" under § 405(g). *See Smith*, 587 U.S. at 479 (noting "that the phrase 'final decision' clearly denotes some kind of terminal event").

A litigant may not be required to exhaust his administrative remedies where his claim is "collateral" to a claim for benefits or where he would be irreparably injured if exhaustion were required. *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986). However, neither situation applies here.[6] Therefore, the District Court properly dismissed the complaint.

Accordingly, we will summarily affirm the District Court's judgment. We deny Kwanzaa's pending motions, and to the extent he requests any additional relief, it is also denied.[7]

---

[4] Notably, in one of the attachments to his pro se brief, Kwanzaa states that "[n]o final, reviewable decision existed from the Social Security Administration" at the time of dismissal. C.A. Doc. 6 at 38.

[5] Kwanzaa has requested a hearing before an ALJ.

[6] Kwanzaa has not raised any colorable constitutional claim that could confer federal jurisdiction despite the lack of a final decision. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).

[7] To the extent that Appellee seeks to supplement the appendix with material from the District Court record, that request is granted.